NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**UNION TELECOM, LLC,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2020-1052

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01409-TCW, Judge Thomas C. Wheeler.

_____

Decided:  July 22, 2021

_____

ANDREW PAUL KAWEL, Kawel PLLC, Miami, FL, argued for plaintiff-appellant.

JULIE CIAMPORCERO AVETTA, Tax Division, United States Department of Justice, Washington, DC, argued for defendant-appellee.  Also represented by DAVID A. HUBBERT, JOAN I. OPPENHEIMER.

_____

Before MOORE, *Chief Judge*, REYNA and HUGHES, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Union Telecom, LLC, sued the IRS for a refund of taxes on prepaid phonecards. After the testimony portion of a bench trial, a new judge was assigned to the case at the trial court, but the judge denied the plaintiff's request to recall witnesses under Rule 63. The trial court then denied the plaintiff's claim for a refund. Union Telecom appeals the denial of its request to recall witnesses. We hold that the trial court erred in its decision but that the error was harmless. Accordingly, we affirm.

I

The IRS assesses taxes on toll telephone services. 26 U.S.C. § 4251(a)(1), (b)(1)(B). Section 4252(b)(1) defines such services as "telephonic quality communication[s] for which (A) there is a toll charge which varies in amount with the distance and elapsed transmission time of each individual communication and (B) the charge is paid within the United States." For prepaid phonecards, the tax is paid by the first non-carrier to purchase cards from a carrier. 26 U.S.C. § 4251(d)(1)(B) (assessing the tax "when the card is transferred by any telecommunications carrier to any person who is not a carrier"); 26 C.F.R. § 49.4251-4(a).

Until 2006, the IRS interpreted the "distance" and "time" variables of § 4252(b)(1) in the disjunctive. *Union Telecom, LLC v. United States*, 144 Fed. Cl. 477, 480 (2019) *(Decision)*. Therefore, the IRS interpreted the statute to cover sales of prepaid phonecards that billed by the amount of elapsed time, even if charges did not vary by distance. *Id.* However, in 2006, the IRS altered its interpretation, recognizing that, to be subject to the tax, providers must vary charges by both time and distance. *Id.* This change entitled those that had paid such tax to a refund. *Id.*

Union Telecom purchased prepaid phonecards from a group of corporate entities arranged in a structure designed to avoid the tax. IDT Corporation (IDT) is a

telecommunications carrier that distributes prepaid phonecards. *Id.* at 481. IDT formed a subsidiary carrier in Puerto Rico (IDT PR) and transferred the cards to that subsidiary. *Id.* at 481–82. This transaction was not taxable because it was between carriers. IDT PR then sold the cards to Union Telecard Alliance (UTA), a non-carrier partially owned subsidiary of IDT. *Id.* at 482. This transaction was not taxable because it was outside of the United States. *Id.* UTA then sold these cards to Union Telecom, a non-carrier. *Id.* This transaction was not taxable because it was between non-carriers. Union Telecom then sold these cards to consumers. *Id.* The IRS was aware of this arrangement and raised no issues. *Id.* at 483.

After the IRS altered its interpretation regarding the tax on prepaid telephone cards, Union Telecom sued the IRS for a refund in the United States Court of Federal Claims. Judge Susan Braden presided over a three-day trial. J.A. 205–346. All testimony regarding the relevant transactions indicated that none of the entities in the chain remitted the tax to the IRS or were required to do so. *Decision*, 144 Fed. Cl. at 483–85. For example, Joseph Farber, IDT's CFO of U.S. retail operations, testified that "there was no excise tax paid." J.A. 324.

Nevertheless, the CEO of Union Telecom, Peter Shah, testified that Union Telecom was entitled to a refund. Shah lacked personal knowledge regarding whether IDT paid the tax. J.A. 244 ("I don't talk to anybody in IDT. I have no idea."). Indeed, UTA had informed Shah in a letter that "IDT did not pay any federal excise taxes on the . . . prepaid calling cards." J.A. 485. Shah contended, however, that IDT included the tax in the price it charged UTA, which was then passed on to Union Telecom, regardless of whether the government ever received those payments. J.A. 245, 250. The invoices for the cards Union Telecom purchased did not include a line item for the tax, but Shah testified that in the phone card industry, carriers do not itemize taxes. J.A. 245.

Before Judge Braden issued her ruling, the case was transferred to Judge Thomas Wheeler. *Decision*, 144 Fed. Cl. at 483. Union Telecom then requested that Judge Wheeler recall witnesses Farber and Shah under Rule 63 of the Court of Federal Claims. The trial court denied the motion. J.A. 1–2. The trial court then issued a final judgment that Union Telecom was not entitled to a refund. *Decision*, 144 Fed. Cl. at 489. The trial court's opinion gave two alternative grounds for its decision. First, no entity in the chain paid or was required to pay the tax, so no refund was warranted. *See id.* at 484 ("Plaintiff certainly purchased the cards from UTA, but the Government's swath of uncontroverted evidence shows that IDT never included [the tax] in those cards' price during the relevant period.") (citation omitted). Second, even if the tax had been paid, Union Telecom was not the first non-carrier transferee and therefore lacked standing. *Id.* at 486.

Union Telecom appeals, arguing that the trial court erred by not recalling the witnesses. Although we agree that the trial court's analysis of Rule 63 was erroneous, we hold that the error was harmless.

II

Rule 63 applies when a new judge takes over a hearing or trial at the Court of Federal Claims. In relevant part, the rule reads: "In a hearing or trial, the successor judge must, at a party's request, recall any witness whose testimony is material and disputed and who is available to testify again without undue burden." The phrasing of the rule is mandatory ("must"), and there are only three listed exceptions: (1) the testimony is immaterial, (2) the testimony is undisputed, or (3) there would be an undue burden on the witness. If a party makes a request under Rule 63, the trial court must find one of these exceptions in order to refuse to recall witnesses.

Here, the trial court did not mention any of the three exceptions in its opinion. Instead, the trial court stated:

> The Court is familiar with the record and has ex-
> tensively reviewed the audio recordings of live tes-
> timony given during the three-day trial and the
> accompanying transcripts. The limited amount of
> testimony coupled with the Court's access to these
> audio recordings well-positions the Court to render
> a decision on any purported credibility determina-
> tions.

J.A. 1–2.

Rule 63 does not grant an exception for when the court is familiar with the record. Because the trial court must find one of the three exceptions in order to refuse to recall witnesses, we hold that the trial court erred in its reasoning.

But the trial court's error was harmless. None of the testimony that the plaintiff requested be reheard could have altered the outcome of the case. One of the reasons for the trial court's judgment was that the chain of entities in this case was designed to avoid the tax on prepaid phonecards, and with no entity responsible to pay the tax, Union Telecom was not entitled to a refund. None of the witnesses that Union Telecom seeks to recall have personal knowledge to the contrary.

Shah, as the CEO of Union Telecom, has no personal knowledge regarding the tax liability of the entities earlier in the corporate structure. Union Telecom argues that his testimony could still alter the outcome because Shah has personal knowledge that phone card companies do not separately list taxes on invoices. But, even if fully credited, this generalized knowledge of the industry could not alter the outcome. General practices regarding owed taxes are irrelevant because there is undisputed testimony that IDT designed a corporate structure to avoid owing the tax and that no party paid the tax. We therefore agree with the trial court that "[g]iven the lack of . . . first-hand knowledge, Shah's assessment is not probative. In short, Union

Telecom ignores the reality of the situation here—IDT structured its business to avoid paying the [tax]." *Decision*, 144 Fed. Cl. at 484.

Farber's testimony also could not have altered the holding. He testified that IDT did not pay the tax and that it structured its business as to not owe the tax. Thus, his testimony supported the government on the key issue. However, even if his testimony were fully discredited, it was only one piece of evidence in a "swath of uncontroverted evidence show[ing] that IDT never included [the tax] in [the] cards' price during the relevant period." *Id.*

### III

We have considered Appellant's other arguments and find them unpersuasive. We hold that the trial court erred by refusing to recall witnesses under Rule 63 without finding any of the exceptions to the rule. But because none of the witnesses that the plaintiff requested be recalled could have altered the outcome, that error was harmless. Therefore, we affirm.

**AFFIRMED**

No costs.